KATHARINE V. WHITAKER, Respondent, *v.* THE STATEN ISLAND
MIDLAND RAILROAD COMPANY, Appellant.

*Negligence— it cannot be predicated upon the fact that a sidebar on a street car was
not lowered.*

In an action to recover damages for personal injuries sustained by the plaintiff,
in consequence of being precipitated from the left side of one of the defendant's
street cars into the street, it is error to permit the jury to predicate negligence
on the part of the defendant upon the fact that at the time of the accident the
sidebar on the left side of the car was up, where the evidence was uncon-
tradicted that the sidebar was a movable rail designed when down to prevent
passengers from boarding or leaving the car on that side, and not to prevent
them from falling out.

HIRSCHBERG, J., dissented.

APPEAL by the defendant, The Staten Island Midland Railroad
Company, from a judgment of the Supreme Court in favor of the
plaintiff, entered in the office of the clerk of the county of Kings
on the 10th day of June, 1901, upon the verdict of a jury for
$1,420, and also from an order entered in said clerk's office on the
10th day of June, 1901, denying the defendant's motion for a new
trial made upon the minutes.

*Warren C. Van Slyke* [*George M. Pinney, Jr.*, with him on the
brief], for the appellant.

*Hector M. Hitchings*, for the respondent.

WILLARD BARTLETT, J.:

The complaint alleged that on June 13, 1899, while the plaintiff
was a passenger on one of the defendant's trolley cars, she was pre-
cipitated from the car into the street by the gross negligence of the
defendant, its agents or servants, and thereby sustained serious and
permanent injuries. The proof showed that the plaintiff fell or
was thrown from the left side of an open car at or near an abrupt
curve in the track after the car had passed the usual stopping place
without stopping. The lady was standing at the time, and had
her arm around her little boy to prevent him from falling from the
seat in front of her. She testified that "there was no guard rail
down on this car; there was none down on that occasion."

It is not necessary to discuss all the features of the case, as we are of opinion that error was committed in leaving the jury at liberty to pronounce the defendant negligent simply by reason of the raised position of the sidebar at the time of the accident.

The jury in this case were permitted to predicate negligence upon the fact that at the time of the accident the sidebar on the left side of the car was *up.* The evidence was all one way as to the purpose for which the sidebar was provided. It was a movable rail, designed when down to prevent persons from boarding or leaving the car on that side — not to prevent passengers from falling out; and so the learned trial judge substantially instructed the jury in the body of his charge. Later, however, at the request of plaintiff's counsel, he told them that the reason and object of this guard rail was entirely a matter for their consideration, and that they must determine " for what purpose it was put there, and whether if down or up it would contribute to the safety or non-safety of the plaintiff."

I think that the exception to this instruction requires a reversal of the judgment. The instruction left the jury free to find that the defendant could be deemed negligent simply because it did not have the sidebar lowered at the time when the plaintiff fell off or was thrown off the car, since it is tolerably plain that she could not have fallen off if the bar had then been down. This would have been correct if the purpose of providing the bar had been to guard against the falling out of passengers; but in view of the uncontradicted evidence that such was not the purpose, the jury should not have been told, as they were told in substance, that they might infer otherwise and hold the defendant responsible for the plaintiff's fall solely because the bar was up instead of down.

GOODRICH, P. J., WOODWARD and JENKS, JJ., concurred; HIRSCHBERG, J., dissented.

Judgment and order reversed and new trial granted, costs to abide the event.